

## NUMBER 13-15-00213-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

IGINIO FELICIANO GUZMAN A/K/A
IGINIO GUZMAN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

**On appeal from the 404th District Court
of Cameron County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Iginio Feliciano Guzman a/k/a Iginio Guzman was convicted of one count

of continuous sexual abuse of a young child and sentenced to twenty-five years in the

Texas Department of Criminal Justice, Institutional Division. *See* TEX. PENAL CODE ANN.

§ 21.02 (West, Westlaw through 2015 R.S.).  This appeal followed.

Determining that any further proceedings on behalf of Guzman would be wholly frivolous and without arguable merit, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal.  We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, Guzman's counsel filed a brief stating that, "[a]fter review of the record, there are no issues of arguable merit in this case."  *See* 386 U.S. 738, 744–45 (1967).  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no meritorious grounds for advancing an appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), counsel has demonstrated that he has complied with the requirements of *Anders* by discussing why, under controlling authority, any appeal from the judgment would be without merit and frivolous.  Counsel specifically determined, after examining the record, that:  (1) the indictment was sufficient; (2) there were no adverse rulings on pretrial motions; (3) there were no adverse rulings during voir dire, and no error, if any, was preserved for appellate

2

purposes; (4) there were no adverse rulings during trial; (5) there were no objections to the jury charge; (6) the evidence was sufficient to sustain the conviction; (7) the sentence was within the range of punishment allowed, and was reasonable under the law; (8) post-trial, the trial court followed the State's agreement to vacate Counts II, III, and IV; (9) at the post-trial hearing on Guzman's motion for new trial, the trial court properly denied the motion on the basis of "no evidence" to support allegations of undue influence on a juror; and (10) there was no fundamental error. Counsel has also informed this Court that Guzman has been: (1) notified that counsel has filed an *Anders* brief and a motion to withdraw as his counsel; (2) provided with copies of the pleadings; (3) informed of his right to file a pro se response,[1] to review the record preparatory to filing that response, and to seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided with a form motion for pro se access to the appellate record, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19; *Stafford*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate time has passed, and Guzman has not filed either a timely motion seeking pro se access to the appellate record or a motion for extension of time to do so. And he has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

3

proceedings to determine whether the case is wholly frivolous. *Pension v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has asked this Court to grant his motion to withdraw as counsel for Guzman. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that this Court carried with the case on March 18, 2016. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Guzman and to advise Guzman of his right to pursue a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex*

---

[2] No substitute counsel will be appointed. Should appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled

4

*parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                                        NELDA V. RODRIGUEZ
                                        Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of April, 2016.

---

by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* at R. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See id.* at R. 68.4.